IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT L. MARTIN, JR. | § | |
| VS. | § | CIVIL ACTION NO. 5:13-CV-31 |
| SCOTT YOUNG, WARDEN | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Robert L. Martin, Jr., a federal prisoner confined at FCI Texarkana, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed for failure to exhaust administrative remedies.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a de novo review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. Plaintiff concedes in his objections his first two attempts to file a Central Office appeal were rejected, as petitioner failed to comply with the administrative requirements, and his third attempt was rejected as untimely. Administrative remedies must be fully exhausted in a procedurally correct manner. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules . . . ." *Id*. Although petitioner now argues the futility exception should apply in this case, petitioner has simply failed in meeting his burden to show that extraordinary circumstances exist to excuse

his failure to properly exhaust. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Further, the fact that petitioner believes his grievance would simply be denied by the Central Office Administrative Remedy Coordinator because the Warden and Regional Director already denied his appeal does not make the remedy futile. *See Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt that denial is the likeliest outcome, but that is not a sufficient reason for waiving the requirement of exhaustion.").

## ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**It is SO ORDERED.**

**SIGNED this 31st day of May, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE